IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RICHARD JOSEPH BROCKMAN, JR., | | |
| **Plaintiff,** | | |
| v. | | 1:15-cv-745-WSD |
| OCWEN LOAN SERVICING, LLC, BCHH, INC., EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION, LLC, | | |
| **Defendants.** | | |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Alan J. Baverman's

Non-Final Report and Recommendation [37] ("R&R") recommending that the

Court grant Defendant Ocwen Loan Servicing, LLC's ("Ocwen") Motion to

Dismiss [18] (the "Ocwen Motion") and Defendant BCHH, Inc.'s ("BCHH")

Motion to Dismiss [20] (the "BCHH Motion") (collectively, the "Motions to

Dismiss").

## I.    BACKGROUND

On July 3, 2013, prior to filing this case, Plaintiff Richard Joseph Brockman,

Jr. ("Plaintiff") filed a *pro se* action asserting state law claims against First Ohio

Banc & Lending, Inc. ("First Ohio"), Ocwen, and BCHH.  (Brockman v. Ocwen, 1:13-cv-2230-WSD) ("Brockman I").  On October 9, 2013, the Court dismissed this action without prejudice, concluding that the Court lacked subject matter jurisdiction over Plaintiff's claims.  (See Brockman I at [21]).  Plaintiff filed a motion for reconsideration and a motion to amend the complaint to assert a federal claims under the Fair Credit Reporting Act ("FCRA") against Ocwen.  (Id. at [26], [27]).  On September 17, 2014, the Court denied Plaintiff's motion for reconsideration, again finding a lack of subject matter jurisdiction.  (Id. at [37]).  The Court also denied Plaintiff's motion to amend to add the FCRA claim on the grounds that Plaintiff's motion was untimely and futile, because the facts did not state a claim under the FCRA.  (Id.).

On March 12, 2015, Plaintiff, now represented by counsel, filed his Complaint [1] (the "Complaint") in this action.  Plaintiff alleges that in 2004, he obtained a loan from First State Bank to purchase certain real property located in Locust Grove, Georgia (the "Property")  (Compl. ¶¶19-20).  In 2006, Plaintiff refinanced the Property by obtaining two loans, the second of which was in the amount of $60,000 (the "Second Loan").  (Id. ¶¶ 22, 25).  The Second Loan was serviced by Ocwen.  (Id. ¶ 27).

In 2011, Plaintiff refinanced the Property again by obtaining a third loan in the amount of $261,625 (the "Third Loan").  (Id. ¶ 28).  The Third Loan was extended by First Ohio.  (Id.).  First Ohio selected BCHH to act as its settlement agent to close the Third Loan.  (Id. ¶ 30).  BCHH prepared a Settlement Statement which set a closing date of May 13, 2011, and a disbursement date of May 18, 2011.  (Id. ¶ 32).  Prior to closing, BCHH obtained a payoff quote for the Second Loan from Ocwen in the amount of $53,582 which was effective until May 13, 2011.  (Id. ¶ 33).  BCHH, however, did not transfer the $53,582 payoff until May 18, 2011.  (Id. ¶ 34).  BCHH's attempted payoff was ineffective because the payoff quote expired on May 13, 2011.  (Id. ¶ 35).

On June 27, 2011, Plaintiff received a message from a supervisor at Ocwen notifying Plaintiff that there was an issue with the payoff.  (Id. ¶ 36).  Plaintiff contacted BCHH about the payoff issue and, on July 8, 2015, Ms. Josie Brumbalow, a BCHH representative, e-mailed Plaintiff to acknowledge that she had miscalculated the interest owed to Ocwen, resulting in the payoff being insufficient to satisfy the balance of the Second Loan.  (Id. ¶ 38).  On July 13, 2011, Ms. Brumbalow again acknowledged that it was BCHH's mistake, and said that BCHH would "settle this issue at no costs or damage to [Plaintiff], [Plaintiff's family] or [Plaintiff's credit]."  (Id. ¶ 39).

In July 2011, Ocwen began reporting negative credit information to consumer reporting agencies, including Experian and Trans Union, by reporting that Plaintiff was in default as a result of late payments.  (Id. ¶ 44).  In July 2011, Plaintiff disputed this negative credit information with the consumer reporting agencies.  (Id. ¶ 54).

On August 17, 2011, Ocwen notified BCHH that if BCHH submitted $339.45, the loan would be paid-in-full and the loan would be released.  (Id. ¶ 47).  On August 28, 2011, BCHH wired $339.45 to Ocwen.  (Id. ¶ 47).  Plaintiff contacted BCHH and, on August 23, 2011, BCHH told Plaintiff it had wired the outstanding amount to Ocwen and was awaiting a paid-in-full letter from Ocwen.  (Id. ¶ 50).  On September 1, 2011, BCHH told Plaintiff that the payoff issue was resolved and Ocwen was taking steps to remove any negative entries in Plaintiff's credit reports.  (Id. ¶ 51).  In December 2011, Ocwen sent Plaintiff a copy of an IRS Form 1099-C for Cancellation of Debt indicating that Ocwen cancelled Plaintiff's debt in the amount of $1,701.60.[1]  (Id. ¶ 52).

In July 2012, Plaintiff attempted to refinance the Property and was told that his credit rating was too low to qualify.  (Id. ¶ 56).  Plaintiff discovered that credit rating had suffered as a result of Ocwen reporting his account was

---

[1]     It is unclear why the debt at that time amounted to $1,701.60.

30, 60, and 90 days late and the account was settled for less than the amount owed. (Id. ¶ 57).  Plaintiff made several attempts to correct this credit information and, in July 2012, reported the dispute to the credit reporting agencies.  (Id. ¶¶ 57-60).  On September 7, 2012, Ocwen wrote to Plaintiff, representing that Ocwen had submitted a credit update to the consumer reporting agencies instructing them to delete "any negative credit reported on the loan . . . ."  (Id. ¶ 62).

On October 31, 2012, Plaintiff attempted to refinance the Property, but was told he was not eligible for a refinancing program due to the negative credit information reported by Ocwen.  (Id. ¶ 65).  On November 2, 2012, Plaintiff wrote to Ocwen, informing Ocwen that it continued to report incorrect, negative information with regard to Plaintiff's account.  (Id. ¶ 66).  On November 26, 2012 and February 15, 2013, Ocwen sent Plaintiff letters indicating that, as of August 18, 2012, Ocwen continued to report Plaintiff's account as "[p]aid in full for less than the full balance."

In April 2013, Plaintiff attempted to refinance the Third Loan and was denied due to negative credit information reported by credit reporting agencies. (Id. ¶ 69).  In July 2013, Trans Union stopped reporting negative credit information, however, as of November 2014, Defendant Experian continued to report negative information provided by Ocwen.  (Id. ¶ 70-71).

Plaintiff asserts FCRA claims against Ocwen for willfully and negligently failing to perform an adequate investigation of Plaintiff's disputed credit information.  (Id. ¶¶ 73-91).  Plaintiff asserts against BCHH state-law claims for negligence, breach of contract, and attorney's fees.  (Id. ¶¶ 104-17).[2]

On April 8, 2015, Ocwen and BCHH filed their Motions to Dismiss.  Ocwen argues that the claims against it are barred by *res judicata* and the FCRA's statute of limitations, and that the Complaint fails to state a claim under the FCRA.  (Ocwen Mot. at 9-19).  BCHH argues that the Court should dismiss Plaintiff's negligence claim because it is barred by the statute of limitations and because Plaintiff failed to properly allege a negligence claim.  (BCHH Mot. at 9-16).  BCHH argues that Plaintiff's breach of contract claim should be dismissed for failure to state a claim.  (Id. at 16-18).  BCHH argues that Plaintiff's claim for attorneys' fees should be dismissed because Plaintiff's underlying claims are required to be dismissed.  (Id. at 18-19).  On May 6, 2015, Plaintiff filed his Responses to the Motions to Dismiss ([28], [29]).

---

[2]     Plaintiff asserts FCRA claims against Trans Union and Experian for failing to follow reasonable procedures to ensure the accuracy of the credit information in Plaintiff's credit reports and for failing to conduct a reasonable investigation of Plaintiff's credit dispute.  (Compl. ¶¶ 92-102).  Trans Union and Experian did not file motions to dismiss, and the claims against them are not before the Court at this time.

On October 26, 2015, the Magistrate Judge issued his R&R, recommending that the Motions to Dismiss be granted.  The Magistrate Judge found that Plaintiff's claims against Ocwen were barred by *res judicata* and the FCRA's statute of limitations.  (R&R at 10-23).  The Magistrate Judge found that Plaintiff's negligence claim against BCHH is barred by the statute of limitations, that he failed to allege facts sufficient to support a breach of contract claim, and that his claim for attorneys' fees should be dismissed because his two substantive claims are required to be dismissed.  (R&R at 24-31, 38-42).  Plaintiff did not file objections to the R&R.[3]

## II.   DISCUSSION

### A.   Legal Standard

#### 1.   Review of a Magistrate Judge's R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those

---

[3]   The Magistrate Judge found that, in the absence of the statute of limitations, Plaintiff had alleged sufficient facts to support a negligence claim against BCHH. (R&R at 31-37).  On November 6, 2015, BCHH filed its objections [40] to this finding.

portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).  Plaintiff has not objected to the R&R and the Court thus conducts a plan error review of the Magistrate Judge's findings and recommendations.

### 2.    Motion to Dismiss

Dismissal of a complaint, pursuant to Rule 12(b)(6), is appropriate "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).  In considering a motion to dismiss, the Court accepts the plaintiff's allegations as true and considers the allegations in the complaint in the light most favorable to the plaintiff.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007); see also Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).  The Court is not required to accept a plaintiff's legal conclusions as true.  See Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)),

abrogated on other grounds by Mohamad v. Palestinian Auth., — U.S. —,

132 S. Ct. 1702 (2012).  The Court also will not "accept as true a legal conclusion

couched as a factual allegation."  See Bell Atl. Corp. v. Twombly,

550 U.S. 544, 555 (2007).  The complaint, ultimately, is required to contain

"enough facts to state a claim to relief that is plausible on its face."  Twombly,

550 U.S. at 570.[4]

　　　To state a plausible claim for relief, the plaintiff must plead factual content

that "allows the Court to draw the reasonable inference that the defendant is liable

for the misconduct alleged."  Iqbal, 556 U.S. at 678.  "Plausibility" requires more

than a "sheer possibility that a defendant has acted unlawfully," and a complaint

that alleges facts that are "merely consistent with" liability "stops short of the line

between possibility and plausibility of 'entitlement to relief.'"  Id. (citing

Twombly, 550 U.S. at 557); see also Arthur v. JP Morgan Chase Bank, NA,

569 F. App'x 669, 680 (11th Cir. 2014) (noting that Conley's "no set of facts"

standard has been overruled by Twombly, and a complaint must contain "sufficient

---

[4]　　　The Supreme Court explicitly rejected its earlier formulation for the Rule 12(b)(6) pleading standard: "'[T]he accepted rule [is] that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Twombly, 550 U.S. at 577 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The Court decided that "this famous observation has earned its retirement."  Id. at 563.

factual matter, accepted as true, to state a claim for relief that is plausible on its face.").  "A complaint is insufficient if it 'tenders naked assertions devoid of further factual enhancement.'"  <u>Tropic Ocean Airways, Inc. v. Floyd</u>, — F. App'x —, No. 14-12424, 2014 WL 7373625, at *1 (11th Cir. Dec. 30, 2014) (quoting <u>Iqbal</u>, 556 U.S. at 678).

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims."  <u>Jackson v. BellSouth Telecomms.</u>, 372 F.3d 1250, 1263 (11th Cir. 2004); <u>see also</u> <u>White v. Bank of America, NA</u>, — F. App'x —, No. 14-10318, 2014 WL 7356447, at *2 (11th Cir. Dec. 29, 2014) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.") (quoting <u>Oxford Asset Mgmt., Ltd. v. Jaharis</u>, 297 F.3d 1182, 1188 (11th Cir. 2002)).[5]

---

[5]     Federal Rule of Civil Procedure 8(a)(2) requires the plaintiff to state "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In <u>Twombly</u>, the Supreme Court recognized the liberal minimal standards imposed by Federal Rule 8(a)(2) but also acknowledged that "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ."  <u>Twombly</u>, 550 U.S. at 555.

B.     <u>Analysis</u>[6]

1.     <u>Ocwen's Motion to Dismiss</u>

Plaintiff asserts FCRA claims against Ocwen under 15 U.S.C. § 1681s-2(b).

(<u>See</u> Compl. ¶¶ 73-92; Pl.'s Resp. [29] at 12).  15 U.S.C. § 1681s-2(b) provides:

> After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall--(A) conduct an investigation with respect to the disputed information . . . .

15 U.S.C. § 1681s-2(b)(1)(A).  Plaintiff alleges that Ocwen received notice of the

Plaintiff's dispute from the credit reporting agencies and failed to conduct a

reasonable investigation of Plaintiff's dispute.  (Compl. ¶¶ 73-92).[7]

The Magistrate Judge concluded that Plaintiff's claims against Ocwen were

barred by *res judicata* and the statute of limitations.  (R&R at 10-23).  The Court

will consider each conclusion in turn.

---

[6]     The Court reviewed the facts found in the R&R and, finding no plain error in them, the facts are adopted by the Court.  <u>See</u> <u>Slay</u>, 714 F.2d at 1095.

[7]     Plaintiff did not identify in his Complaint the specific FCRA code section Ocwen allegedly violated, but the parties agree that Plaintiff may only assert a claim under 15 U.S.C. § 1681s-2(b).  (R&R at 18-19; Ocwen's Mot. at 15-16; Pl.'s Resp. [29] at 12).  Plaintiff asserts claims for willful and negligent violation of Ocwen's duty under 15 U.S.C. § 1681s-2(b).  In his Complaint, Plaintiff cites 15 U.S.C. §§ 1681n and 1681o, which provide the remedies for willful and negligent failure to comply with the requirements imposed by the FCRA.  <u>See</u> 15 U.S.C. §§ 1681n; 1681o.

a)      *Res Judicata*

"*Res judicata*, or more properly claim preclusion, is a judicially made doctrine with the purpose of both giving finality to parties who have already litigated a claim and promoting judicial economy." In re Atlanta Retail, Inc., 456 F.3d 1277, 1284 (11th Cir. 2006). *Res judicata* "not only bars matters *actually litigated* in the earlier action; when it applies, res judicata also bars every claim which might have been presented in the earlier action." Langermann v. Dubbin, 613 F. App'x 850, 853 (11th Cir. 2015) (emphasis in original) (citing Atlanta Retail, 456 F.3d at 1285). *Res judicata* applies if four elements are met:  (1) a final judgment on the merits; (2) rendered by a court of competent jurisdiction; (3) between the same parties, or their privies; and (4) the causes of action involved in both cases are the same. Id. (citing Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999)).  A cause of action will be considered the same as one in a prior action if the claim "arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former [claim] . . . ." Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1503 (11th Cir. 1990).

Plaintiff, in Brockman I, sued Ocwen for negligence, malpractice, and libel based on the same set of facts alleged in the case currently before the Court.  (See Brockman I at [1] ¶¶ 6-42, 50-62).  The Court dismissed, without prejudice,

Plaintiff's state-law claims in <u>Brockman I</u> for lack of subject matter jurisdiction, because Plaintiff's failed to properly allege Ocwen's citizenship.  (<u>Brockman I</u> at [20]).  On November 25, 2015, Plaintiff filed his motion to amend, seeking leave to file an amended complaint that included claims against Ocwen for willful and negligent violations of the FCRA.  (<u>Brockman I</u> at [27.1] ¶¶ 85-97).  On September 17, 2014, the Court denied Plaintiff's motion to amend, concluding that adding the FCRA claims would be futile.  (<u>Brockman I</u> at [37] at 11-12).  The Court noted that "[b]ecause justice does not require district courts to waste their time on hopeless cases, leave may be denied if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim."  (<u>Id.</u>) (citing <u>Mizzaro v. Home Depot, Inc.</u>, 544 F.3d 1230, 1255 (11th Cir. 2008)).

Plaintiff did not deny that his claims in <u>Brockman I</u> arise out of the same "nucleus of operative fact" as the FCRA claims raised in this case, that the decision in <u>Brockman I</u> was rendered by a court of competent jurisdiction, and that the parties in this case and in <u>Brockman I</u> are the same.  (<u>See</u> Pl.'s Resp. [39] at 7-10).  Plaintiff argued only that there was no final judgment on the merits of his FCRA claims.  (<u>Id.</u> at 7-9).

The Eleventh Circuit, in <u>SFM Holdings, Ltd. v. Banc of Am. Sec., LLC</u>, 764 F.3d 1327 (11th Cir. 2014), addressed whether a determination that a proposed amendment is futile constitutes a judgment on the merits:

> A court's determination that a proposed amendment to a complaint would be futile operates as a judgment on the merits of the proposed claim.  This conclusion follows from the fact that [w]hen a . . . court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail . . . .  In other words, denial on grounds of futility is essentially a holding that the proposed amended complaint fails to state a claim upon which relief can be granted, and the Supreme Court has clearly stated that [t]he dismissal for failure to state a claim . . . is a judgment on the merits.

<u>SFM</u>, 764 F.3d at 1344 (internal quotations and citations omitted).  "[E]ven if some ambiguity existed in the court's order as to whether the dismissal was with or without prejudice, the Supreme Court has flatly stated that [t]he dismissal for failure to state a claim . . . is a judgment on the merits."  <u>Solis v. Glob. Acceptance Credit Co., L.P.</u>, 601 F. App'x 767, 770 (11th Cir. 2015) (internal quotations omitted).

The Magistrate Judge, relying on <u>SFM</u>, concluded that the Court's denial of Plaintiff's motion to amend on futility grounds constituted a final judgment on the merits of Plaintiff's proposed FCRA claims, and that *res judicata* applied.  (R&R at 13-15).  Plaintiff did not object to this finding and conclusion, and the Court notes that Plaintiff did not assert any new facts or legal theories concerning his

newly alleged FCRA claims.  The Court finds no plain error in the Magistrate

Judge's determination that the Court's September 17, 2014, Order in Brockman I

constituted a final judgment on the merits of Plaintiff's proposed FCRA claims,

and thus, *res judicata* bars Plaintiff's FCRA claims against Ocwen.  See Slay,

714 F.2d at 1095; SFM, 764 F.3d at 1344.  Plaintiff's FCRA claims against Ocwen

are required to be dismissed on this ground.

b)       Statute of Limitations

The Magistrate Judge found also that Plaintiff's FCRA claims against

Ocwen were barred by the statute of limitations.  (R&R at 18-23).

The FCRA provides that a plaintiff must bring an action "not later than the

earlier of—(1) 2 years after the date of discovery by the plaintiff of the violation

that is the basis for such liability; or (2) 5 years after the date on which the

violation that is the basis for such liability occurs."  15 U.S.C. § 1681p.

Plaintiff asserts FCRA claims against Ocwen under 15 U.S.C. § 1681s-2(b).

The duties imposed on furnishers of credit information by Section 1681s-2(b) only

arise after the furnisher receives notice of the dispute from the credit reporting

agency.  15 U.S.C. 1681s-2(b)(1); see also Peart v. Shippie, 345 F. App'x 384, 386

(11th Cir. 2009) (a claim under Section 1681s-2(b) can only be enforced "if the

furnisher received notice of the consumer's dispute from a consumer reporting

15

agency."). After the furnisher receives notice of the dispute, it has thirty (30) days to comply with the investigatory obligations imposed by Section 1681s-2(b)(1). 15 U.S.C. §§ 1681s-2(b)(2), 1681i(a)(1)(A). It is a defendant's receipt of the dispute notice that triggers the thirty (30) day deadline for compliance, the violation of which is the basis for a claim under Section 1681s-2(b). See U.S.C. § 1681s-2(b)(1).

"To survive a motion to dismiss on a 15 U.S.C. § 1681s–2(b) claim, the plaintiff must allege that the defendant received the proper notice from the consumer reporting agency pursuant to 15 U.S.C. § 1681i(a)(2) and that the defendant failed to uphold its duties pursuant [to] 15 U.S.C. § 1681s–2(b)." E.g., Horton v. HSBC Bank, No. 1:11-CV-3210-TWT, 2013 WL 2452273, at *6 (N.D. Ga. June 5, 2013) (citing Pinckney v. SLM Fin. Corp., 433 F. Supp. 2d 1316, 1319 (N.D. Ga. 2005)); Smith v. Nat'l Credit Sys., Inc., No. 1:13-CV-4219-WSD, 2014 WL 2003025, at *7 (N.D. Ga. May 15, 2014) ("To state a claim under this section, a plaintiff must initially allege facts demonstrating that the requisite notice was given.").

Plaintiff alleges that he disputed the reported information with the credit reporting agencies on two separate occasions—July 2011 and July 2012—and that the credit reporting agencies reported Plaintiff's disputes to Ocwen. (Compl.

16

¶¶ 54-55, 57-60).  Plaintiff does not allege that he filed disputes with the credit

reporting agencies after July 2012.

The Magistrate Judge concluded that, accounting for the thirty (30) day

period Ocwen had to comply with the investigatory obligations imposed by Section

1681s-2(b), the latest Plaintiff could have filed an action regarding the first dispute

would have been in August 2013, and the latest Plaintiff could have filed an action

concerning the second dispute was August 2014.  (R&R at 22).  Because the

Complaint was not filed until March 12, 2015, the Magistrate Judge concluded that

Plaintiff's FCRA claims against Ocwen were barred by the FCRA's statute of

limitations.  (Id. at 22-13).[8]

Plaintiff did not object to the Magistrate Judge's finding and conclusion.

Plaintiff alleged that he only reported two disputes to the credit reporting agencies,

---

[8]      Plaintiff argued in his Response that, in April 2013, when he attempted to
refinance the Third Loan and was denied due to negative credit information
reported by credit reporting agencies, he learned that Ocwen was continuing to
report false credit information. (Pl.'s Resp. [29] at 11); (Compl. ¶ 69).  Plaintiff
argued that every subsequent false reporting of information, including the report in
April 2013, constitutes a separate violation of the FCRA.  (Pl.'s Resp. [29] at 11).
A claim under Section 1681s–2(b), however, is not based on the false reporting of
credit information, but rather the failure properly to investigate a disputed credit
report.  See 15 U.S.C. § 1681s–2(b)(1).  Without an allegation that Plaintiff
disputed any later false reports, including the April 2013, report, and that the notice
of the dispute was conveyed to Ocwen, Plaintiff cannot assert a claim under
Section 1681s–2(b) for these subsequent reports.  See 15 U.S.C. §§ 1681s-2(b);
Horton, 2013 WL 2452273, at *6.

both over two years before March 2015.  The Court thus finds no plain error in the Magistrate Judge's determination that the FCRA's statute of limitations bars Plaintiff's FCRA claims against Ocwen.  See Slay, 714 F.2d at 1095; 15 U.S.C. § 1681p; Horton, 2013 WL 2452273, at *6.  Plaintiff's FCRA claims against Ocwen are required to be dismissed on this additional ground.

>    2.    BCHH's Motion to Dismiss

>        a)    Negligence

Plaintiff asserts a state-law claim for negligence against BCHH based on BCHH's miscalculation of the accrued interest in the Second Loan when it made the payoff, and for it assuming the payoff on May 18, 2011 was sufficient despite the payoff quote provided by Ocwen having expired on May 13, 2011.  (Compl. ¶¶ 107-08).  Plaintiff learned about these mistakes in July 2011, when BCHH and Plaintiff first discussed this issue.  (Compl. ¶¶ 38-39).

Georgia law provides that negligence actions must be brought within two years after the right of action accrues.  O.C.G.A. § 9-3-33.  It is undisputed that the two year limitations period began to run in July 2011, and, thus, expired in July 2013.  (R&R at 27; Pl.'s Resp. [28] at 7-10).

Plaintiff argued that the application of Georgia's renewal statute, O.C.G.A. § 9-2-61, renders his negligence claim timely.  O.C.G.A. § 9-2-61 provides:

> When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later . . . .

O.C.G.A. § 9-2-61(a).  This renewal provision applies "if an action is discontinued or dismissed without prejudice for lack of subject matter jurisdiction in either a court of this state or a federal court in this state."  O.C.G.A. § 9-2-61(c).

Plaintiff previously asserted his claim for negligence against BCHH in Brockman I, which was initiated in July 2013, within Georgia's two year limitations period.  (See Brockman I Compl. [1]).  On October 9, 2013, the Court dismissed Brockman I without prejudice for lack of subject matter jurisdiction.  (Id. at [21]).  On September 17, 2014, the Court denied Plaintiff's motion for reconsideration.  (Id. at [37]).

It is undisputed that the Georgia renewal statute applies because of the dismissal of Brockman I.  Plaintiff and BCHH disagree, however, on when the renewal period began to run: October 9, 2013, or September 17, 2014.  If the earlier date applies, the claim is barred by the statute of limitations and if the latter date applies, Plaintiff's claim is viable.  Plaintiff agreed that the case was "dismissed" on October 9, 2013, but argued that the case was not "discontinued" until September 17, 2014.  (Pl.'s Resp. [28] at 8).

The Georgia Court of Appeals, in <u>Gresham v. Harris</u>, 765 S.E.2d 400 (Ga. Ct. App. 2014), concluded that a "discontinuance" occurs when a case is terminated because of some action or inaction by the plaintiff, such as a voluntarily dismissal or dismissal for want of prosecution.  <u>See</u> <u>Gresham</u>, 765 S.E.2d at 403-04.  The Magistrate Judge, relying on <u>Gresham</u>, noted that neither of those situations occurred in <u>Brockman I</u>, and, thus, <u>Brockman I</u> was not "discontinued" under O.C.G.A. § 9-2-61(a).  (R&R at 28).[9]  The Magistrate Judge found that the renewal period began on October 9, 2013.  (R&R at 27-31).

Plaintiff did not object to this finding and conclusion, and the Court finds no plain error in the Magistrate Judge's determination that <u>Brockman I</u> was dismissed on October 9, 2013, and was not "discontinued" for the purpose of Georgia's renewal statute.  <u>See</u> <u>Slay</u>, 714 F.2d at 1095; <u>Gresham</u>, 765 S.E.2d at 403-04.

---

[9]     The Magistrate Judge also found that, to the extent Plaintiff sought to argue that his case was not "dismissed" until after the Court denied his motion for reconsideration, Plaintiff's argument was without merit.  (R&R at 28-29).  The Magistrate Judge noted that final judgment was entered on October 9, 2013, and that no new judgment dismissing the case was entered after the denial of Plaintiff's motion for reconsideration.  (<u>Id.</u> at 29).  The Magistrate Judge also noted that the motion for reconsideration, filed under Rule 60(b), did not affect the judgment's finality or suspend its operation.  (<u>Id.</u>) (citing Fed. R. Civ. P. 60(c)(2)).  Plaintiff did not object to this finding and conclusion, and the Court finds no plain error in the Magistrate Judge's determination that <u>Brockman I</u> was dismissed on October 9, 2013.  <u>See</u> <u>Slay</u>, 714 F.2d at 1095.

Plaintiff's negligence claim against BCHH is barred by Georgia's statute of limitations, and is required to be dismissed.  See O.C.G.A. §§ 9-2-61(a), 9-3-33.[10]

b)    Breach of Contract

Plaintiff asserts a state-law breach of contract claim against BCHH based on BCHH allegedly entering into a contract with Plaintiff in July 2011, in which BCHH, through several e-mails between Plaintiff and BCHH, agreed to correct the issues created by the insufficient payoff in exchange for Plaintiff's forbearance from instituting legal action.  (Compl. ¶¶ 38-40).  Plaintiff alleged that BCHH breached this contract by failing to ensure the removal of negative credit statements from Plaintiff's credit reports.  (Compl. ¶ 114).

"To constitute a valid contract, there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate."  O.C.G.A. § 13-3-1.  The Magistrate Judge found, construing Plaintiff's allegations as true, that Plaintiff alleged that he and BCHH had entered into a contract on

---

[10]    The Magistrate Judge found that, should the Court disagree with his conclusion that Georgia's statute of limitations barred Plaintiff's negligence, Plaintiff properly alleged a negligence claim against BCHH, and Plaintiff's claim should not be dismissed for failure to state a claim.  (R&R at 31-37).  Because the Court concludes that the statute of limitations bars Plaintiff's claim, the Court need not address the Magistrate Judge's findings on the merits, or BCHH's objections to the Magistrate Judge's findings and conclusions.

July 13, 2011, when Plaintiff agreed to forbear from filing suit in exchange for BCHH's promise to correct the issues created by the insufficient payoff including, but not limited to, correcting the negative credit reports.  (R&R at 40).

The Magistrate Judge concluded that Plaintiff failed to allege a breach of the contract.  (Id.).  The Magistrate Judge noted that BCHH agreed to remedy any issues created by the insufficient payoff.  (Id.) (citing Compl. ¶ 40).  In July and August 2011, BCHH kept Plaintiff updated on its efforts to fix the issues resulting from the insufficient payoff.  (Id.) (citing Compl. ¶ 45).  On August 18, 2011, BCHH sent to Ocwen $339.45 to satisfy the insufficient payoff and release the mortgage.  (Id. at 40-41) (citing Compl. ¶¶ 47-48).  On September 1, 2011, BCHH sent an email to Plaintiff stating that the situation was resolved and that Ocwen would be taking steps to remove any negative entries in Plaintiff's credit reports.  (Id. at 41) (citing Compl. ¶ 51).  In July 2012, Plaintiff discovered that his credit had suffered due to Ocwen reporting that his account was 30, 60, and 90 days late and the account was settled for less than the full amount which resulted in Plaintiff filing disputes with the credit reporting agencies.  (Id.) (citing Compl. ¶¶ 57, 59).  On August 8, 2012, BCHH wrote a letter to Plaintiff stating that Ocwen represented that the August 18, 2011 payment of $339.45 would satisfy the balance and Ocwen would no longer report negative credit information.  (Id.) (citing

Compl. ¶ 61).  On September 7, 2012, Ocwen sent Plaintiff a letter stating that it had submitted a credit update to the consumer reporting agencies instructing them to delete any negative credit information reported on the loan.  (Id.) (citing Compl. ¶ 62).  On October 19, 2012, Equifax notified Plaintiff that based on information supplied from his credit dispute, "namely the August 8, 2012 letter from Defendant BCHH and Defendant Ocwen," Equifax would be removing all negative credit information supplied by Ocwen.  (Id.) (citing Compl. ¶ 63).  The Magistrate Judge concluded that BCHH had fulfilled its contractual duties to fix the issues that arose from the insufficient payoff.  (Id. at 41-42).

Plaintiff did not object to these findings and conclusion, and the Court, based on BCHH's prompt remittance to Ocwen to settle the insufficient payoff, and the actions it took on its own and with Ocwen to correct Plaintiff's credit reports, finds no plain error in the Magistrate Judge's conclusion that BCHH did not breach the contract Plaintiff alleges it entered into in July 2011.  See Slay, 714 F.2d at 1095.  Plaintiff's breach of contract claim against BCHH is required to be dismissed.[11]

---

[11]    Plaintiff asserts a stand-alone claim for expense of litigation against BCHH under O.C.G.A. § 13-6-11.  (Compl. ¶ 117).  O.C.G.A. § 13-6-11 provides:

The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has

III.   **CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Alan J. Baverman's

Non-Final Report and Recommendation [37] is **ADOPTED**

**IT IS FURTHER ORDERED** that Defendant Ocwen Loan Servicing,

LLC's Motion to Dismiss [18] and Defendant BCHH, Inc.'s Motion to Dismiss

[20] are **GRANTED**.

**SO ORDERED** this 11th day of February, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

made prayer therefor and where the defendant has acted in bad faith,
has been stubbornly litigious, or has caused the plaintiff unnecessary
trouble and expense, the jury may allow them.

O.C.G.A. § 13-6-11.  The Magistrate Judge recommended dismissing this claim because Plaintiff's negligence and breach of contract claims are required to be dismissed.  The Court finds no plain error in the Magistrate Judge's conclusion. See Slay, 714 F.2d at 1095; see also Lamb v. Salvage Disposal Co. of Georgia, 535 S.E.2d 258, 261 (2000) ("OCGA § 13-6-11 does not create an independent cause of action but merely permits in certain limited circumstances the recovery of the expenses of litigation incurred as an additional element of damages.").